Jane Rosevere *v.* Borough of Osceola Mills, Appellant.

[Marked to be reported.]

*Negligence—Boroughs—Sidewalks—Evidence.*

In an action to recover damages for personal injuries resulting from a fall upon a sidewalk alleged to be defective, it is not improper for the court to call the jury's attention to the difference between the positive testimony of witnesses who stated that they saw a hole in the sidewalk, and the negative testimony of witnesses who stated that they saw no defect.

In such a case it is not ground for reversing a judgment for plaintiff that the trial judge, after referring to the testimony of the plaintiff and several of her relatives as to the existence of a hole in the sidewalk,

referred to the testimony of a stranger who had seen a woman in a prostrate condition on the sidewalk, as "strong evidence, because it is from an independent source."

The trial judge in such a case cannot be charged with error because he said "it is not a question whether all passers-by actually noticed the defect, but whether it was noticeable." If the hole was of a such a character as to be noticeable to those who looked, it is all the law requires, and that is all the trial judge meant by what he said.

In such a case where suit was not brought until three years after the accident, it is proper to allow proof to be made that advice was taken of counsel about a year after the accident.

Argued April 24, 1895. Appeal, No. 63, Jan. T., 1895, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1893, No. 594, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries alleged to have been sustained upon a defective sidewalk. Before GORDON, P. J.

At the trial plaintiff claimed that on Sept. 9, 1890, she stepped through a hole in a sidewalk in the borough of Osceola and that her left foot sank under the level of the sidewalk ten inches, by reason of which she was thrown down with great violence, and her body and left leg were permanently injured. A number of witnesses testified to the existence of a hole at the point where plaintiff stated the accident occurred. Witnesses for defendant testified that there was no defect in the sidewalk. Daniel Sligo testified that at the place where the accident was alleged to have occurred he saw a woman in a prostrate condition on the evening in question.

When plaintiff's son, Simeon Rosevere, was on the stand, plaintiff offered to prove by the witness on the stand, the son of the plaintiff with whom she made her home, that when she and her son saw that her leg was not getting well of the injury received that he, after talking with his mother about the matter, consulted Judge ORVIS with reference to bringing an action against the defendant borough; that this was about September, 1891, or about a year after the injury was received. This for the purpose of showing that the claim was bona fide or was not made or trumped up.

Defendant objected to the testimony as incompetent, irrelevant and immaterial.

The court overruled the objection so far as to permit her to prove that she had consulted Judge Orvis, but not to prove what was said, and sealed a bill for defendant. [8]

The court charged the jury in part as follows :

" [But they have testified in your hearing and their testimony is positive, it is circumstantial. The plaintiff herself and her son-in-law have told you how this accident occurred, of where they started from and where they were going to, and they testify to the fact that that hole did exist there, and the witnesses on the part of the plaintiff testify further that it had so existed for from three to four weeks before that. Well now, gentlemen of the jury, they have this advantage in this case, that while all these witnesses testify long after the accident occurred, yet the plaintiff's witnesses have this advantage of the defendant's that they have something by which to fix the time. They were interested in this plaintiff, she was their relative, their mother or mother-in-law, and they were interested in her, and when the accident occurred to her they would have something to fix their attention upon, and in that respect could testify with greater accuracy and circumspection than they could under other circumstances.] [1]

" [Well now, gentlemen of the jury, the defendant has also called certain witnesses here and they have testified in your hearing. Their testimony is necessarily negative testimony, and it is well for you to consider the distinction between positive and negative testimony.

" When a person goes upon the stand and testifies to the existence of a fact, that is positive testimony ; when another goes upon the stand and testifies not to the existence of a fact, but to the fact that he does not know of its existence, for instance, witnesses on the part of the defendant here have been called who testified that they frequently passed over this sidewalk and failed to see the hole thus alleged to have been in it or don't recollect of having seen it. Well now, these two things are to be taken into consideration by you ; first, they testify they didn't see it. Now it is possible that persons might have passed over a sidewalk where there was a hole even that was noticeable to them and yet didn't see it. It is further possible that they may have seen it and after this long lapse of time fail to recollect it. But we deem it our duty to call your attention to the

fact, gentlemen of the jury, that this kind of evidence on the part of the defendant is the only kind which in the very nature of the case they can have.] [2]

" Now, the testimony shows that when this alleged accident occurred no notice was brought to the borough officials, very few people in the borough know anything about it, the next door neighbor, living next door to the house of this woman's daughter where she staid all night after the accident and in front of whose house the accident occurred, has testified that he knew nothing of the accident, and nobody seems to have known about it; little seems to have been said about it in the borough there in the community, so that in the very nature of things this borough is put to a disadvantage here, and that disadvantage results from the fact that no claim was made against them; that no notice was brought to the attention of the borough officials; that when this accident occurred no claim was made for compensation on account of it for a considerable length of time thereafter. I don't recollect any evidence in the case to indicate any demand made until the bringing of this suit or probably but shortly before it. That is a question of fact which you will take notice of and it is important, as I said before. The fact that by reason of that condition of things this borough is not able to produce evidence or witnesses here who can testify to facts. [By reason of their failure to give notice, their testimony is negative, that is to say, they bring here the people who lived in the neighborhood where this accident occurred, the people who passed by and over or near that pavement and proved by them that they had opportunities of observation and failed to see or recollect of seeing any hole or other defect in the sidewalk. So that while on the one hand you have the fact that the testimony on the part of the plaintiff is positive and circumstantial, and I may further add that it is such that if not true the witnesses have testified falsely. If it be not true that this old lady was injured, as she claims, not only she herself, but the witnesses who claim to have seen the accident or seen her immediately after it occurred and to have seen the hole in the pavement, have falsified in their evidence. We do not say that they did, gentlemen of the jury, but we say to you that they had opportunities of knowing whereof they speak, they could testify positively,

they could testify to facts ; while on the other hand, as I said before, the testimony of the defendant's witnesses is necessarily negative in its character.] [3] For instance, had a claim been made against this borough or a notice been given to the officials of it when this accident occurred, they could have gone and seen this alleged hole in the pavement, so that they could have furnished witnesses here to testify positively as to what it was, to what extent the defect existed there. It is well for you to consider, in connection with this matter, that the home of this woman was not in Osceola ; that the very next day after this accident she went to Philipsburg, and there is no evidence that she ever returned there that I can recollect of, and in the nature of things there was nothing to attract the attention of the people. There is no evidence in the cause that she had any motive in it. [It may be that she had no idea of making a claim at the outset against the borough, in fact there is testimony to the effect that she consulted counsel upon it I think about a year after the accident occurred, at all events there is evidence that her son had consulted counsel.] [9] We simply call your attention to these matters in order that you may understand the nature of the testimony that was able to be adduced on the one side and on the other, in order to account for any failure on the one side or upon the other.

" Well now, gentlemen of the jury, there are a great many things that have been testified to in this case. The testimony here about the size of this hole in the pavement and as to the construction of the sidewalk, but all of that is for you. You must judge of whether there was a hole there and the character of it. We don't think it is very important, gentlemen of the jury, whether that hole was six inches or a foot in depth, if there was a hole in that pavement and this woman without any contributory negligence on her part going along there in the ordinary way and with due caution stepped into it, the borough is just as much liable if it was six inches deep as if it were deeper. So that it is a matter of little concern as to the size of the hole, except probably as bearing upon the question of its furnishing notice to the borough officials and passers-by, because to enable this plaintiff to recover here the accident must be the result of negligence on the part of the borough authorities. [If this woman, for instance, fell by accident there, and there

was no hole in the pavement, then her testimony is feigned and as a matter of course she would have no claim. But she testifies to the existence of a hole, her sons-in-law and her daughters testify to the same, and there is the further testimony of an outside and disinterested witness, not to the existence of a hole there, but to the fact that on this night in question he saw what he supposed was a woman in a prostrate condition on the sidewalk at that point. And that is strong evidence, gentlemen of the jury, because it is from an independent source; that party is not interested in this case in any way.] [4]

" The defendant has asked us to instruct you as follows :

" 1. Under the pleadings and the evidence in this case there can be no recovery, and the verdict must be for the defendant. *Answer :* We decline to so instruct you. As we said before, the questions in this case are of fact for the jury. [5]

" 2. There being no proof whatever of express notice to the authorities of the alleged defect, there can be no recovery, unless the jury are satisfied that the defect was so notorious as to be evident to all passers, and the burden of proof to satisfy you of this by the weight of evidence is on the plaintiff. *Answer :* We affirm that point. It is not a question whether all passers-by actually noticed the defect but whether it was noticeable. [6]

" 3. In determining the question it is proper for the jury to consider, in connection with the other testimony in the case, the circumstance that no one except the immediate relatives of the plaintiff are alleged to have ever seen or had knowledge of the alleged defect, as existing prior to Sept. 9, 1890, while so many others had opportunity to have seen it, if it had existed for any considerable time as alleged.

" We also read the fourth point in connection with that :

" 4. In determining this question, it is also proper for the jury to consider, with the other testimony, the fact that no claim or demand whatever for the alleged injury was made on the borough until suit was brought, a period of about three years.

" We affirm these points, but we say to you that the facts in testimony are entirely for the jury. The testimony referred to is important in the case and the jury should consider it in connection with all the other testimony in arriving at a verdict, as we have instructed you in our general charge." [7]

Verdict and judgment for plaintiff for $591. Defendant appealed.

*Errors assigned* were (1–7, 9) above instructions, quoting them; (8) ruling on evidence, quoting the bill of exceptions.

*Thomas H. Murray,* of *Murray & Smith, S. V. Wilson* with him, for appellants.—It is error to confine the attention of the jury to one view of the case, where there is more than one which they should consider: Young v. Merkel, 163 Pa. 513; Burke v. Maxwell, 81 Pa. 139; Pierson v. Duncan, 162 Pa. 187; Penna. Canal Co. v. Harris, 101 Pa. 80; Garrett v. Gonter, 42 Pa. 143; Relf v. Rapp, 3 W. & S. 21; Lorain v. Hall, 33 Pa. 270; Rosenagle v. Handley, 151 Pa. 111.

A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them: Burns v. Bradford City, 137 Pa. 361; Lohr v. Philipsburg Borough, 156 Pa. 246.

It is error for the court, in answer to a well constructed and definite point, to divert attention of the jury by a reference to the testimony in general: Reed v. Pittsburg S. R. Co., 5 Cent. Rep. 862; Swank v. Philips, 113 Pa. 482; Waynesboro Mut. Fire Ins. Co. v. Creaton, 98 Pa. 451; Cross v. Tyrone M. M. Co., 121 Pa. 387.

Declaration of a party in his own favor, not part of the res gestæ are not admissible: Duvale v. Darby, 38 Pa. 56; Levering v. Rittenhouse, 4 Whart. 130; McGregor v. Sibly, 69 Pa. 388.

*David L. Krebs,* for appellee.—The difference between positive and negative testimony is very marked and it would be well if the attention of jurors was more pointedly called to it by the court in the trial of such cases: Urias v. R. R., 152 Pa. 326; 1 Wharton on Evidence, 415; Stitt v. Huidekopers, 17 Wall. U. S. 393.

It is not error to comment on the evidence nor to express an opinion on the weight thereof if the facts be left to the jury: Bonner v. Herrick, 99 Pa. 220; Johnson v. Com., 85 Pa. 54; Leibig v. Steiner, 94 Pa. 466; Spear v. R. R., 119 Pa. 61.

Where evidence, if existing, can be produced by the party, on failure to do so the jury may draw an unfavorable inference: Hall v. Vanderpool, 156 Pa. 152; Shovlin v. Com., 106 Pa. 369.

A question of fact may be left to the jury without any-

thing more than a mere expression of opinion as to the effect of the testimony if believed: Fredericks v. N. C. R. R., 157 Pa. 103; Spear v. P. W. & B. R. R., 119 Pa. 61; Kilpatrick v. Com., 31 Pa. 198; Bitner v. Bitner, 65 Pa. 347; Johnston v. Com., 85 Pa. 54; McClintock v. Pa. R. R., 21 W. N. C. 133; Doyle v. Union Pass. Ry., 147 U. S. 413.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

After a most close and patient reading of the charge of the learned court below and the answers to points, in the light of the criticisms made in the several assignments of error, we are quite unable to discover the least cause for reversal upon any of the specifications. The legal principles applicable to the facts in evidence, were stated and presented by the court with such entire correctness and fairness that not a single assignment is made to any part of the charge in that regard. The case involved nothing but matters of fact and was exclusively for the determination of the jury. As a matter of course it could not be withheld from them, and it would have been the gravest error to do so. The fifth assignment therefore cannot be sustained.

The first three assignments involve only the general comments of the court on the character of the testimony as being affirmative on the part of the plaintiff, and of a negative quality on the part of the defendant. These comments are precisely such as any judge would naturally and properly make when explaining these different kinds of testimony to the jury, and they were strictly correct. They exhibited no bias in favor of either party and we cannot at all agree that they either did, or tended to, belittle the character or effect of the defendant's testimony.

The fourth assignment is subject to the same observations. The judge merely stated the fact that the plaintiff and some of her near relatives testified to the existence of a hole in the sidewalk at the place of the accident, and that a witness who was disinterested testified that he saw what he supposed was the body of a woman in a prostrate condition on the sidewalk at that point. When he added the remark that this was strong evidence he gave the reason for it that it came from an independent source. That was entirely correct and we think it justified the remark.

The sixth assignment cannot be sustained. The court affirmed the defendant's second point as requested and was right in saying, "It is not a question whether all passers-by actually noticed the defect but whether it was noticeable." That is to say the rule as to the defect being of such a character as to be of itself notice to the authorities, does not require that every passer-by did actually notice it, but that they might have noticed it if they had consciously seen it. That is what would be indicated by the word "noticeable," capable or susceptible of being noticed. Several persons had testified positively to the fact of having seen the hole for some time before the accident. A number of others had testified that, having good opportunities of observation, they did not see it. All of which might be perfectly true and yet the hole might have been there. Now if the hole was of such a character as to be noticeable to those who looked, it is all the law requires and that is all the court said.

Surely there is no error in the answer to the defendant's third and fourth points. Both were affirmed without any qualification except the remark that all the facts in testimony were entirely for the jury, and that is precisely what the points asked the court to say, that is, that the facts referred to in the points were proper to be considered by the jury. The court simply added the remark that the testimony referred to was important and the jury should consider it with all the other testimony in arriving at a verdict. All this was entirely correct.

There was no error in allowing proof to be made that advice was taken of counsel about a year after the accident, as it tended to disprove a serious charge that was made against the whole of the plaintiff's case, to wit, that it was an afterthought, and without integrity. It is just as the court said, that the plaintiff might not have intended to bring a suit at first nor until after she had advised with counsel. The injury was not, apparently, very serious at first and she might well have hesitated until after it took on a graver aspect. We cannot sustain any of the assignments.

Judgment affirmed.