## Goff, Appellant, *v.* City of Philadelphia.

*Negligence—Municipalities—Streets—Sidewalks—Contributory negligence —Province of court and jury.*

In an action against a city by a woman fifty-two years old to recover damages for personal injuries sustained by a fall on a sidewalk, it appeared that one week prior to the accident a plumber employed by the owner of the property in front of which plaintiff fell dug a trench across the sidewalk. One, if not more of the witnesses, testified positively that the ditch was left unfilled and was not rammed, and that the pavement was not relaid. Other witnesses for the plaintiff did not support this testimony. One witness at least noticed the depression into which plaintiff fell and that it had been in the same condition since the plumber left it the week before. It appeared that the night was dark, that there was no light near the place and the plaintiff had no prior knowledge of the condition of the sidewalk. Plaintiff testified that she was walking carefully and looking ahead as she proceeded. *Held*, (1) that the conflict among the plaintiff's witnesses as to the condition of the trench did not take the case from the jury; (2) that the question of the city's constructive notice was for the jury; and (3) that the question of plaintiff's contributory negligence was for the jury.

Argued Jan. 18, 1906. Appeal, No. 260, Jan. T., 1905, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1904, No. 1,965, refusing to take off nonsuit in case of Ellen Goff v. City of Philadelphia. Before MITCHELL, C. J., FELL, MES-TREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CARR, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Ulysses S. Koons*, with him *Henry E. Lallou, Jr.*, and *W. H. G. Gould*, for appellant.—The case was for the jury : Burns v. Bradford, 137 Pa. 361 ; Philadelphia v. Smith, 23 W. N. C. 242 ; McLaughlin v. City of Corry, 77 Pa. 109 ; Kibele v. Philadelphia, 105 Pa. 41 ; Rosevere v. Osceola Mills Boro., 169 Pa. 555 ; Lohr v. Philipsburg Boro., 156 Pa. 246 ; Vanderslice v. Philadelphia, 103 Pa. 102 ; Weed v. Village of Ballston Spa., 76 N. Y. 329 ; Chicago v. Fowler, 60 Ill. 322 ; City of Salina v. Trosper, 27 Kansas, 544 ; Carrington v. St. Louis, 89 Missouri, 208 (1 S. W. Repr. 240) ; Parsons v. Manchester, 67 N. H. 163 (27 Atl. Repr. 88) ; Bruch v. Philadelphia, 181 Pa. 588 ; Dougherty v. Philadelphia, 210 Pa. 591 ; Aiken v. City of Phila., 9 Pa. Superior Ct. 502 ; Burger v. Phila., 196 Pa. 41 ; Rimby v. Phila., 208 Pa. 119 ; Johnson v. Phila., 208 Pa. 182 ; Butcher v. Phila., 202 Pa. 1 ; Iseminger v. Water & Power Co., 209 Pa. 615.

*Charles E. Bartlett*, assistant city solicitor, with him *W. C. Wilson* and *John L. Kinsey*, city solicitor, for appellee, cited : Burns v. Bradford City, 137 Pa. 361 ; Honickson v. Philadelphia, 12 Pa. Dist. Rep. 279 ; Boro. of Susquehanna Depot v. Simmons, 17 W. N. C. 362 ; Painter v. Mayor, etc., of Pittsburg, 46 Pa. 213 ; Reed v. Allegheny City, 79 Pa. 300 ; Edmundson v. R. R. Co., 111 Pa. 316 ; Thomas v. Railway Co., 191 Pa. 361.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1906 :
This was an action by the plaintiff, the appellant here, to recover damages for injuries which she sustained by falling into an opening in the sidewalk on Oakford street in the city of Philadelphia.    At the conclusion of her testimony on the trial of the case the learned judge granted a nonsuit which he subsequently refused to take off.   The court assigned no reasons for granting the nonsuit, nor was an opinion filed setting forth any reasons why the court refused to take off the nonsuit.

We are at a loss to know the learned judge's reasons for his action, as we are clearly of the opinion that he committed manifest error in directing a nonsuit.

The appellant is a woman of about fifty-two years of age. On the evening of March 10, 1904, she left her home at 2,625 Oakford street and walked westward on the north side of the street intending to go to a trimming store on the corner of Twenty-eighth and Oakford streets. As she was passing the premises at 2,705 Oakford street she fell into a hole in the pavement and was seriously injured. It appears from the evidence that, about one week prior to the time the appellant was injured, a plumber in the employ of the owner of the property, in front of which she fell, dug a trench or ditch from the house across the sidewalk for the purpose of making connections with the water main laid in the street. This ditch was about three or four feet deep and from one and one-half to two feet in width. It is claimed on the part of the appellant, and at the trial she introduced testimony to show, that on the completion of the plumber's work, about one week prior to the accident, that the ditch was not refilled with dirt, that the dirt was not rammed as it should have been, and that the bricks which had been taken up at the commencement of the work were not relaid over the ditch so as to restore the pavement of the sidewalk to its former even condition. The testimony tended to show that at the time of the accident there was a depression in the pavement, where the ditch had been dug, from the curb to a point near the steps of the house excepting about six inches or a foot in the middle of the pavement, that the depression was the width of the ditch and from six inches to one foot in depth.

The accident occurred between 7 : 30 and 8 o'clock in the evening. The appellant says it was dark and that there was no light near the place where she fell. She had no prior knowledge of the condition of the sidewalk. She says that she was walking carefully, looking ahead of her as she proceeded along the pavement, that it seemed to be very dark and that she did not see the depression in the pavement before she fell.

As has been said, it is not known why the court entered a compulsory nonsuit, but it is argued on the part of the appellee that the testimony of the appellant was very indefinite as to how the accident occurred, that some of the evidence tended

to show that, at the completion of the work by the plumber, the ditch had been refilled and the pavement had been relaid at that point, and that the city had no notice, actual or constructive, of the alleged defect in the pavement. It is therefore contended on the part of the appellee that, in the language of its counsel, " taking all the circumstances of the case, the plaintiff's indefinite testimony and the evidence produced by her, the learned court did not err in granting a nonsuit." It is further claimed on the part of the appellee that the appellant was not using care as she walked along the sidewalk, and that therefore she was guilty of contributory negligence.

It is true that the witnesses on the part of the appellant did not all agree as to the ditch having been refilled by the plumber, but at least one, if not more, of the witnesses testified positively that the ditch was left unfilled and was not rammed, and that the pavement was not relaid. This was sufficient to carry the question to the jury. The court is not justified in withdrawing a question of fact from the jury, as we have frequently said, because the witnesses for the plaintiff disagree. It is the province of the jury, and not that of the court, to pass upon the credibility of the witnesses and to determine which of them they will believe.

If, as contended by the appellant, a hole or depression of this size and character was left in the pavement for at least six or seven days, it was a question for the jury to determine whether the city had or had not constructive notice of it. The evidence tends to show that this is a thickly settled community, and that many people pass along the sidewalk of that street in the vicinity where this accident occurred. The jury, therefore, might very reasonably find that if the city had done its duty the depression in the pavement would have been discovered ; and if it was known to the city it was clearly its duty to have taken the necessary precautions to protect people who had occasion to use the sidewalk at that place. The learned counsel for the appellee seems to think that unless all people who passed this point saw the depression that the city could not be charged with constructive notice of the defect. Such is not the law, but, as said in Rosevere v. Osceola Mills Borough, 169 Pa. 555, " it is not a question whether all passers-by actually noticed the defect but whether it was notice-

able.   The rule as to the defect being of such a character as to be of itself notice to the authorities, does not require that every passer-by did actually notice it, but that they might have noticed it if they had consciously seen it. . . .   If the hole was of such a character as to be noticeable to those who looked, it is all the law requires."   There was at least one witness and probably more who noticed the depression into which the appellant fell and, taking into consideration the size and the character of the hole, it was a question for the jury whether, if the city officers had been exercising a reasonable supervision, they would not have discovered it.

The question of the appellant's contributory negligence was also for the jury.   The rule in such cases is correctly laid down in Bruch v. Philadelphia, 181 Pa. 588, where it is said: " The public, walking on the pavements of a large city, are not bound to exercise extraordinary care ; care, according to the circumstances, is all the law enjoins.   They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them."   The appellee's counsel manifestly misconstrues or overlooks the appellant's testimony as to the care she exercised in walking along the pavement at the time she was injured.   The appellant testified : " It seemed to be very dark, and I was walking along carefully and I could not really see anything, as I thought it was the clear pavement. . . .   I did not see anything only what I thought was a clear pavement."   She further testified that she looked straight ahead of her as she walked along the pavement and that it was so dark that she could not see a step ahead of her.   It is apparent under this testimony that the court below committed clear error in holding as a matter of law that the appellant was guilty of contributory negligence.

It was also suggested by the appellee's counsel that the city was relieved from liability for damages for the injuries sustained by the appellant on the ground that the pipe was laid by a plumber who was an independent contractor.   This position, however, we do not regard as well taken for the reason that, if the evidence is believed, the work had been completed by the plumber for about one week prior to the accident and thereafter he exercised no control or supervision over the place or the

work.   During the week intervening between the completion
of the work and the day the appellant was injured the city per-
mitted the dangerous depression to remain in the sidewalk.
The appellant was not injured while the pipe was being laid
and the work was being done by the plumber, but after the
latter had completed all that he had to do in and about the
work.   It was therefore incumbent upon the city, if it had no-
tice of the depression, to have the defect removed and the
pavement put in a reasonably safe condition, so that the public
could with safety use it.

The second assignment of error is sustained, and the judg-
met is reversed with a procedendo.