## Switzer *v.* Pittsburg, Appellant.

*Negligence—Municipalities—Dangerous footwalk—Notice—Contributory negligence—Alternative route.*

In an action against a city to recover damages for personal injuries sustained from falling into a hole alongside of a footway, the case is for the jury both as to the defendant's negligence and plaintiff's contributory negligence, where the evidence tends to show that the footway was within the lines of an unopened street; that the hole, which was an uncovered sewer drop, was three feet from the footway; that the accident happened at night; that the sewer drop had been left uncovered for a period of about seven months; that the footway was used largely by the public, night and day, in going from a mill district to a residence district; and that the only alternative route according to the testimony of some of the witnesses was less safe than that which the plaintiff had taken. In such a case the fact that only one witness testified as to the condition of the sewer opening will not prevent the case from going to the jury.

Argued April 18, 1913. Appeal, No. 55, April T., 1913, by defendant, from judgment of C. P. Allegheny

184    SWITZER *v.* PITTSBURG, Appellant.

Statement of Facts—Opinion of the Court.    [54 Pa. Superior Ct.

Co., Fourth Term, 1909, No. 139, on verdict. for plaintiff in case of S. C. Switzer v. City of Pittsburg. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The opinion of the Superior Court states the circumstances of the accident.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Harry Diamond,* with him *Charles A. O'Brien,* for appellant, cited: Monongahela v. Fischer, 111 Pa. 9; Garland v. Wilkes-Barre, 212 Pa. 151; March v. Phœnixville Borough, 221 Pa. 64; Smith v. New Castle, 178 Pa. 298; Hill v. Tionesta Twp., 146 Pa. 11.

*Leonard S. Levin,* for appellee, cited: Wall v. Pittsburg, 205 Pa. 48; Chambers v. Braddock Borough, 34 Pa. Superior Ct. 407; Emery v. Philadelphia, 208 Pa. 492; Rosevere v. Oscela Mills Boro., 169 Pa. 555; Ackley v. Bradford, 32 Pa. Superior Ct. 487.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff was injured by stepping on the rim of a sewer drop the top of which was open and permitted his foot to slip into the hole, whereby his leg was broken. The accident occurred at night while he was walking from his place of work to his home on Frazier street. This street is laid out in part on a hillside, the descent from the intersection of Gorman alley to Bates street being quite precipitous. This part of the street was not improved but a public sewer was constructed therein and persons employed in the mill district in the vicinity

used a path in the street from the low to the high ground in going to and from their work. The path was also used by other residents who had occasion to go down or up the hill. The negligence charged was that the city had for a long time permitted the sewer drop to remain uncovered thereby exposing passers-by to the risk of stepping into the hole. The footway was used largely at night by mill men and railroad employees whose work required their presence at the place of employment before daylight in the morning or after dark in the evening. The sewer drop referred to was so near to this path that one stepping to one side to the extent of about three feet might fall into it when uncovered. The cover consisted of two plates one of which according to the testimony of a witness for the plaintiff had disappeared some time before the plaintiff's injury. The evidence offered in support of the action showed that the cover was off the hole most of the time for several months before the plaintiff was hurt. It was shown that many people used this part of the street both day and night and that it was the most convenient and safest way from the low ground to the top of the hill for those working in the vicinity. Two defenses were presented: first, that there was not sufficient evidence of negligence on the part of the city; and second, that the plaintiff was chargeable with contributory negligence. The court refused to give binding instructions for the defendant on these points and of this action the defendant complains. The duty of the city to maintain the walk in a reasonably safe condition for public travel cannot be successfully denied as it appears to have been on a street for many years, a laid out street and closely built up on the hill and connecting with a very busy district at the lower end of the street. The complaint is that with notice that this walk was used in the manner described a pitfall was permitted to remain near to the walk in a structure built by the city. If the lid remained off of the opening for the length of time described by Mrs. Layton the question of the defendant's neg-

ligence was manifestly one for the jury. The appellant's counsel emphasized the fact that only one witness testified as to the condition of the sewer opening, but the court could not disregard the testimony of this witness and withdraw the case from the jury for her testimony was positive and she used the path frequently in going up and down the hill and had an opportunity to observe the condition of the sewer. She testified that on one occasion not long before the accident she covered one-half of the opening with a part of the lid which she found nearby but that the other part she did not find. It was not necessary that every passer-by actually notice the condition of the sewer drop. If it could have been observed if they had looked at it that would have been sufficient to affect the city with constructive notice after a sufficient lapse of time. It would be noticeable if plainly observed by one person passing by and if others going the same way could have seen it had their attention been drawn to it: Rosevere v. Osceola Mills Boro., 169 Pa. 555; Goff v. City of Philadelphia, 214 Pa. 172; Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487. The question of the defendant's negligence was therefore a subject of inquiry by the jury. At the request of the defendant an inspection of the premises was made by the jurors, and their verdict under the evidence ought not to be set aside on this branch of the case. The argument that the plaintiff was guilty of contributory negligence is based on the position that there was a safer way along which he might have traveled and that having a choice of routes it was his duty to take the safer route, but on this point there was a direct conflict of testimony, several witnesses testifying for the plaintiff that the path used by him was not only the most direct but the safest route. The other was difficult, involving the use of a very long flight of steps, and whether it was the way which the plaintiff should have taken under the circumstances was clearly a question of fact. The use by many pedestrians of the way along which the plaintiff walked is an indication that it was not so obviously haz-

ardous as to have made it the duty of the plaintiff to go in some other way, and the fact that no person except the plaintiff had been injured in traveling the road tends strongly to show that it was not dangerous.   It is to be noted, too, that the dangerous character of the road about which the defendant's witnesses testified was not the cause of the plaintiff's injury.   The steepness of the path had nothing to do with the plaintiff's hurt.   That was brought about as the jury found by the defendant's omission to firmly secure the cover to the sewer drop so that it might not remain an open hole to the peril of persons walking this road.   We regard the case as one for the jury under all of the evidence, and the form of the submission by the learned trial judge was free from any error which would justify a reversal.

The judgment is affirmed.