Szidor *v.* Greek Catholic Union of Russian Brotherhoods of United States of America, Appellant.

Argued April 25, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Francis Taptich,* with him *Stephen Steranchak,* for appellant, No. 131, and for appellee, No. 134.

*Louis Vaira,* with him *Paul N. Barna,* for appellant, No. 134, and for appellee, No. 131.

OPINION BY STADTFELD, J., July 2, 1941:

This is an action in assumpsit brought by the plaintiff as beneficiary on a membership certificate against the defendant, a fraternal benefit society, in the County Court of Allegheny County, Pennsylvania, wherein the case has been tried three times. The pleadings consist of a statement of claim and defendant's affidavit of defense. At the first trial of this case, the trial court directed a verdict in favor of the defendant. On appeal to this court, judgment was reversed for the reason that where the evidence as to the payment of dues is conflicting and entirely oral, the question is for the jury. (131 Pa. Superior Ct. 552, 200 A. 316).

At the second trial of this case, verdict was given in favor of the plaintiff. Motion was made ex parte defendant for a new trial and for judgment n. o. v. New trial was granted and judgment n. o. v. was refused.

At the third trial of this case before McDONALD, J., verdict was again given by the jury in favor of the plaintiff. Motion was made for new trial and judgment n. o. v. ex parte defendant. New trial was granted and judgment n. o. v. refused. One appeal is by defendant from the judgment refusing to grant the defendant judgment n. o. v. Another appeal is by plaintiff from the order granting a new trial.

On September 24, 1923, defendant issued a membership certificate to John Szidor, wherein it agreed to

pay the designated beneficiary $1,000 upon the death of said member in good standing and payable only in conformity with the provisions of the by-laws of said union existing and in force at the date of said member's death.

The only question before the trial court in each trial was whether John Szidor was a member in good standing at the time of his decease, or whether he was in default in the payment of his dues and assessments to the extent that his beneficiary was deprived of any benefits under the certificate.

Quoting from the opinion of the lower court: "The material, undisputed facts developed in connection with this issue were as follows: One John Szidor was for many years a member of the defendant fraternal benefit society, being a member of its 'Webster' lodge. The Webster lodge had very few members and these few members were not very active. Required regular meetings frequently were not held because a quorum was not present. During the period involved in this case, the secretary was one Nickoli Csuchran. Dues of members were supposed to be paid at regular meetings and the payment thereof noted in a book provided for that purpose. Dues, however, were frequently paid in cash to said Csuchran by members who met him on the streets and other places and Csuchran would subsequently, and when the next regular meeting was held, enter such payments in the book so provided. Since such meetings were not held regularly as required, it necessarily follows that the entries in such book were sometimes made a month or more after the transaction involved. The trial judge accordingly refused to accept such book in evidence as a book of original entry so as to establish the non-payment of dues by John Szidor or to allow the secretary to testify therefrom as to the date on which dues were paid by him. The entries therein were, however, accepted as proof that such payments, at least,

254

were made by John Szidor. The dues of John Szidor were $2 per month, plus a special assessment of $1 per year. It is admitted by defendant that on February 21, 1932, it received $4 and that some time in May, 1932, it received $6. Subsequently, the defendant received notice from its Webster lodge that John Szidor had been expelled for non-payment of dues. Such expulsion is alleged to have been made at the meeting held August 30, 1932, but the fact is that no meeting was held on that day. From all of the evidence, it is apparent that the Webster lodge was one which was very poorly and loosely operated, but with records being kept as though it were an active, functioning organization. In addition to the admitted payment as above set forth, the plaintiff testified that in September, 1932, she mailed two $2 bills to the Webster lodge; two $2 bills in October, 1932; one $2 bill and two $1 bills in November or December, 1932; and two $2 bills in March, 1933. This makes a total of $16 and includes seven $2 bills. In passing we might say that this is a greater number of $2 bills than the author has seen in the past two years and we rather expect as much cash passes through our hands as through the hands of the plaintiff. However, that was the testimony and its credibility was for the jury. ...... John Szidor died April 13, 1933. Defendant bases its motion for judgment non obstante veredicto upon its contention that even if credit be given for all the payments claimed by plaintiff, the most that can be claimed is that there was a credit of $1 on the dues for the month of January, 1933. The difficulty with that contention is that it is predicated upon the assumption that the payments in February, 1932, and in May, 1932, paid the dues of the deceased only up to and including the month of May, 1932. That, we may not legally assume in view of the plaintiff's testimony that the *deceased was at no time*

*in arrears.* In considering that motion we must give to plaintiff the benefit of every fact and inference of fact which there might be, and in so doing it might easily be said that the payment in May, 1932, was a payment in advance (although we doubt it) and if it be so said, deceased was not in arrears at the time of death. We feel, however, that a new trial must be granted. To the trial judge, the plaintiff's testimony was absolutely unbelievable. At the time of trial, the manner of telling her story, together with the contradictions and discrepancies in her story, and the contradictions and discrepancies between the story she now tells under oath and the stories she told on the previous trials, convinced the trial judge that she was not telling the truth. Although this case has already been tried three times, it seems to us that it must be tried, and if necessary, retried, until a just verdict is returned."

Both appeals will be disposed of in one opinion.

In passing on a motion for judgment non obstante veredicto, the trial judge could not disregard witness' testimony merely because it was not corroborated: *Jeske v. City of Pittsburgh,* 110 Pa. Superior Ct. 274, 277, 168 A. 323. However uncontradicted the proof may be, where it consists of oral testimony, it is nevertheless the province of the jury to decide: *Duffy v. York Haven Water & Power Co.,* 233 Pa. 107, 110, 81 A. 908; *Nanty-Glo Boro v. Amer. Surety Co.,* 309 Pa. 236, 163 A. 523. The credibility of testimony is for the jury, and the proper remedy for a verdict against the weight of the evidence is a new trial and not a judgment n. o. v.: *Sloan v. Phila. & Reading Ry. Co.,* 231 Pa. 332, 80 A. 366.

"On the question of the payment of dues, we have the direct testimony of the plaintiff that either she paid the dues herself or saw her husband pay them. This is contradicted by the secretary of the subordinate lodge, who

assumed to testify from a book that was not a book of original entries and who admitted that he accepted and received dues at other times than at meetings of the lodge. We think that this raised a proper question for the jury to decide as it was a disputed question of fact. While the testimony of plaintiff was, in some respects, inconsistent and contradictory, it was the function of the jury to reconcile the same, and to pass upon its credibility:" *Szidor v. Greek Catholic Union*, 131 Pa. Superior Ct. 552, 559, 200 A. 316. The motion for judgment n. o. v. was therefore properly overruled.

The awarding of a new trial lies largely in the discretion of the trial court: *Wilson v. Kallenbach*, 332 Pa. 253, 2 A. 2d 727; *Calvey Motor Co. v. Coyer*, 121 Pa. Superior Ct. 509, 184 A. 281; *Marko v. Mendelowski*, 313 Pa. 46, 169 A. 99. See, also, *Dellacasse et al. v. Floyd et al., Exrs.*, 332 Pa. 218, 2 A. 2d 860. Where the trial court finds that parts of plaintiff's testimony were wholly unbelievable, the court should grant a new trial after verdict for plaintiff instead of judgment n. o. v.: *Iacovino v. Caterino et al.*, 332 Pa. 556, 2 A. 2d 828. Court, on motion for judgment n. o. v. may grant a new trial where justice demands such cause: *Ellsworth et ux. v. Husband*, 119 Pa. Superior Ct. 245, 181 A. 90. An appellate court will not interfere unless the order is based on a clear error of law or constitutes a palpable abuse of discretion: *Dormont Motors, Inc., v. Hoerr*, 132 Pa. Superior Ct. 567, 1 A. 2d 493.

Under the circumstances, the only proper course for the court below was to award a new trial.

The order of the court below in each appeal is affirmed.