# F. H. Groves Piano Co. *v.* Dalton Adding Machine Co., Appellant.

*Principal and agent—Evidence of agency—Circular of principal.*
In an action against a foreign corporation to recover damages for a breach of a contract to lease, it is proper to admit in evidence a circular containing a statement of its corporate title, its location and where it had its offices, where the other evidence shows an offer to lease written on the defendant's letterhead and the oral testimony showed that the person signing the letter had directed that the lease should be drawn in the name of the defendant and that the plaintiff had accepted the offer.

*Appeals—Assignments of error—New trial—Nonsuit.*
In exceptional cases only is the refusal of a new trial reversible error.
The refusal of a motion for a nonsuit is not assignable in error.

Argued May 3, 1916. Appeal, No. 112, April T., 1916, by defendant, from order of C. P. Allegheny Co., Oct. T., 1913, No. 2061, refusing to enter nonsuit in case of F. H.

Assignment of Errors—Opinion of the Court. [64 Pa. Superior Ct.

Groves Piano Company v. The Dalton Adding Machine Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for breach of contract to lease. Before EVANS, J.

The opinion of the Superior Court states the case.

*Errors assigned* were as follows:

1. The court erred in admitting in evidence a circular marked Exhibit No. 1, upon the last page of which were the following words:

> "Dalton Adding Machine Company.
> Main Office and Factory
> Poplar Bluff, Missouri.
> Sales Offices in the Principal Cities of the United States
> and Foreign Countries."

2. The court erred in refusing defendant's motion for a nonsuit in said case.

3. The court erred in refusing a new trial.

*Pettes, Tyrrell & Bracken,* for appellant.—It was error to admit this letter: Lauer Brewing Co., Ltd., v. Schmidt, 24 Pa. Superior Ct. 396; Thrall v. Wilson, 17 Pa. Superior Ct. 376; Rafferty v. Haldron, 81* Pa. 438; Empire Implement Mfg. Co. v. Hench, 219 Pa. 135.

*William A. Jordan,* for appellee.—The question of Shimp's power to bind the defendant was for the jury: Swing v. Bates Machine Co., 32 Pa. Superior Ct. 403; Park v. Kansas City Southern Ry. Co., 58 Pa. Superior Ct. 419; Singer Mfg. Co. v. Christian, 211 Pa. 534; American Car & Foundry Co. v. Alexandria Water Co., 218 Pa. 542; Lininger v. Latshaw, 169 Pa. 398; Louchheim v. Davies, 148 Pa. 499.

OPINION BY WILLIAMS, J., July 18, 1916:

There are three assignments of error. The first questions the correctness of the ruling of the court in admit-

ting in evidence a circular of the defendant containing its corporate title, its location, and where it had its offices. Its materiality depends upon the issue raised for the determination of the jury. The plaintiff sought to recover damages for the breach of a contract to lease. The defense was that one Shimp, the sales agent, was not authorized to bind the defendant. The written evidence showed a letter written by Shimp on the letterhead of the defendant offering to lease under certain conditions, and a written acceptance by the plaintiff. In the oral evidence there was testimony on the part of the plaintiff that Shimp directed the lease to be drawn in the name of his principal. This and other facts were denied. The circular, therefore, was material as a part of the testimony to prove the contention of the plaintiff as to the agency of Shimp; its weight was for the jury.

The court affirmed the defendant's points which were as follows: "That the burden of proof to establish agency is upon the plaintiff; that one dealing with an agent without inquiring into his authority acts at his own risk." The last point which was "that an agent for a particular purpose has no authority to bind the principal for any other" was answered as follows: "That point is affirmed, unless the principal holds the agent out as having authority to act in other capacities." The general charge clearly pointed out the burden resting upon the plaintiff which must be met before there could be a finding in its favor. The verdict of the jury is, therefore, conclusive of the authority of Shimp to make the lease.

The second assignment is that the court erred in refusing defendant's motion for a nonsuit. It has been so often held that this is not assignable as error that a citation of authority is unnecessary.

The third assignment is that the court erred in refusing a new trial. There is nothing in the facts of this case which would make it necessary for us to exercise the exceptional powers of the appellate court under the Act

of May 20, 1891, P. L. 101, Section 2. There was no exception to the general charge or motion for judgment non obstante veredicto.

The assignments of error are overruled and judgment affirmed.