## Greenspan *v.* Margolis, Appellant.

*Deeds—Covenants—Encumbrances—Mortgage—"Under and subject."*

Where an owner of real estate executes a bond and mortgage and then conveys the property to another, and thereafter the original owner is obliged to pay a part of the mortgaged debt because the proceeds of a sale in foreclosure proceedings were not sufficient to pay the whole debt, such owner may recover the amount of the payment from his grantee, inasmuch as the words "under and subject" in the deed imported that the grantee took the land subject to an encumbrance, and the covenant to be inferred from them is that of indemnity for the protection of the grantor. There is nothing in the Act of June 12, 1878, P. L. 205, that will relieve the grantee from liability. The act applies to the relations between the grantee and the holder of the encumbrance.

In such a case the grantor cannot be charged with negligence because he failed to defend the foreclosure proceedings, and did not bid on the property at the sheriff's sale.

Argued Nov. 15, 1917. Appeal, No. 255, Oct. T., 1917, by defendant, from order of C. P. No. 4, Philadelphia Co., March T., 1917, No. 5121, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Jacob Greenspan v. Hyman Margolis. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover moneys paid out. Before FIN-LETTER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Bernard Harris,* for appellant.—The Act of June 12, 1878, P. L. 205, exempts the defendant from liability to the plaintiff in the case at bar: Kirker v. Wylie, 207 Pa. 511; Moore's App., 88 Pa. 450; Blood v. Crew-Levick Co., 171 Pa. 328; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456.

The appellee, having neglected to take any steps to relieve himself of his personal obligation, is, it is submitted, estopped now from claiming any indemnity for a loss sustained by him through his own neglect.

*Horace Stern,* with him *Morris Wolf,* for appellee.—There was an implied covenant on the part of the defendant to indemnify the plaintiff against loss: May's Est., 218 Pa. 64; Lennox v. Brower, 160 Pa. 191; Fair Hope, Etc., Brick Co.'s Est., 183 Pa. 96; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456; Aronson v. Heymann, 56 Pa. Superior Ct. 501; Moore's App., 88 Pa. 450; Burke v. Gummey, 49 Pa. 518.

OPINION BY PORTER, J., October 12, 1918:

The following are the material facts disclosed by the statement of claim and affidavit of defense. The plain-

tiff being the owner of a lot in the City of Philadelphia, on July 19, 1894, borrowed $2,200 from the Philadelphia Savings Fund Society and executed a mortgage upon the property to secure the payment of said debt, in five years from the date thereof, which mortgage was duly recorded. On the 23d day of July, 1894, he conveyed said lot, and other property, to the defendant, subject to said mortgage. The defendant, on November 7, 1899, conveyed the lot to one Samuel Broude. Default was subsequently made in the payment of the mortgage and in November, 1914, the Philadelphia Savings Fund Society caused a scire facias to issue thereon which was duly prosecuted to judgment, execution and sale, the sum realized from the sale being insufficient to pay the mortgage debt. The mortgagee obtained judgment against the present plaintiff upon the bond accompanying the mortgage, collected a part of the amount remaining due by an execution attachment, in 1915, and the plaintiff paid the balance of the debt in October, 1916, and the judgment was satisfied. The aggregate of the amounts collected on the execution attachment and paid by the plaintiff was $512, to recover which he brought this action. The court below held the affidavit of defense to be insufficient and entered judgment in favor of the plaintiff, which action the appellant assigns for error.

The defendant contends that he is relieved from liability to reimburse the plaintiff for the amount which the latter was compelled to pay in satisfaction of his bond, by virtue of the provisions of the Act of June 12, 1878, P. L. 205. This is not an action between the holder of the encumbrance and the grantee who took title subject to that encumbrance. The Act of 1878 applies to the relations between the grantee and the holder of the encumbrance, it does not affect the covenant of the grantee to protect the grantor against loss through his personal liability for the debt to which the conveyance of the land has been made subject: May's Est., 218 Pa. 64. "The words 'under and subject' in a conveyance, im-

port that the grantee takes the land subject to an encumbrance, the amount of which has been deducted from the agreed price, and the covenant to be inferred from it is that of indemnity for the protection of the grantor": Faulkner v. McHenry, 235 Pa. 298. This is not a covenant that the grantee will be personally liable for the debt, nor is it a covenant that he will indemnify the ·grantor against liability, but it is a covenant that the grantee will indemnify the grantor against loss by reason of the existence of the encumbrance: Tritten's Est., 238 Pa. 555. The encumbrance to which the land was by the conveyance made subject was a part of the consideration for the grant, and the covenant of indemnity for the protection of the grantor was as much a continuing liability as an obligation to pay a fixed sum of money, it could be discharged only by compliance with its terms. When the defendant conveyed the land to another, his obligation to indemnify the plaintiff still continued, and was not within the protection of the second section of the Act of 1878: Kirker v. Wylie, 207 Pa. 511. The allegations of the affidavit did not entitle the defendant to any benefit from the Act of 1878.

The allegation that the plaintiff had been guilty of laches in allowing his personal bond to remain in the possession of the Philadelphia Savings Fund Society for many years, and negligently to have the property sold at sheriff's sale soon after the debt had become due is without merit, the duty was upon the defendant to protect the interests of the plaintiff in this matter, and the fault, if any, was his own. The allegation that the plaintiff ought not to be permitted to recover because he failed to defend the foreclosure proceedings brought upon the mortgage, and neglected to bid upon the property at the sheriff's sale cannot be sustained. The affidavit does not suggest any defense which the plaintiff could have presented and there is no intimation of collusion between the plaintiff and the mortgagee.

The judgment is affirmed.