## Nixon v. Watkins et al., Appellants.

Argued April 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*W. W. Stoner,* and with him *J. M. Stoner & Sons,* for appellants, cited: Smith v. Pennsylvania Railroad Company, 246 Pa. 370; Beck v. Baltimore & Ohio Railroad Co., 233 Pa. 344.

*Thomas M. Marshall* of *Marshall & Marshall,* and *Robert H. Braun, Jr.,* for appellee.

OPINION BY LINN, J., July 10, 1930:

This was a suit by a mother in her own right, and on behalf of her eleven year old son, for damages resulting from injury to the son caused by defendant's negligence. The statement of claim averred that the mother "has been and will be put to large expense in securing medical and surgical aid, medicines, nurses, etc., for her said child, and was compelled, with a nurse, to remain with said child and thereby lost large sums of money." Verdicts were rendered, one for the minor and one for his mother. Judgments were entered on the verdicts and this appeal was taken from the judgment in favor of the mother. Defendant had moved for judgment n. o. v. in the mother's case on the ground that the record contained no evidence from which the jury could ascertain what, if anything, the mother had lost in money.

The single question before us is whether there is any evidence to support a verdict for the mother in the sum of $500.

The record contains a stipulation signed by counsel for the parties from which we quote the following:

"It is further stipulated and agreed that there is not contained in any of the other testimony which is produced in the case, any evidence of any earning power on the part of Sherwin R. Nixon, or any evidence of any services at any time rendered by him to his mother, Anita B. Nixon. Further, it is agreed that there is no evidence in the case of any expenditure by the said Anita B. Nixon or anyone else for doctor bills, medical care and attention, or any other expense whatever resulting from the accident or injury sustained by the said Sherwin R. Nixon. It is further stipulated that the said Sherwin R. Nixon was at the time of the accident eleven years of age, and that any disability as the result of said accident did not extend over a period of one year, and that the recovery was complete." In his charge to the jury the learned trial judge said "the testimony here is rather scant as to what the damages amounted to on the part of Sherwin's mother ...... But the plaintiffs have not given in dollars and cents the amount of expenses, because that is the first item you will consider, the amount of the expense to which the mother of the boy was put by reason of the injury to him. He was wheeled around in New York, according to the plaintiff's testimony, and there were doctors procured, but no bills showing the amount of the expenses have been presented. In fact, the counsel for the plaintiffs frankly admits that such items have not been produced, and he further stated that he relied upon the amount which would be awarded to the minor plaintiff, namely, compensation for the pain, suffering and inconvenience which the evidence of the plaintiffs shows."

In the circumstances disclosed by the record we can not sustain the judgment. The following from Beck v. B. & O. Railway Company, 233 Pa. 344, 348, is conclusive against the plaintiff: "The burden of proving damages was upon the plaintiff, and this burden to say the least was very indifferently borne. Although

it was alleged that the plaintiff had been compelled to expend large sums of money for medicine and medical attendance, not a word of testimony was offered to support this allegation. No earning power either before or after the injury was shown. No testimony was offered to show the value of services before or after the accident. There was testimony showing that a physician had attended the plaintiff after her return from the hospital, but the record is silent as to what his services were worth, or whether anything had been paid him on account of these services. A witness stated that some liniment had been used in rubbing the limb, but there is no suggestion as to the amount or the cost. We might go on almost indefinitely pointing out how bare the record is of facts upon which a jury could base an intelligent finding as to the expenses incurred, or to be incurred, or what compensation if any plaintiff was entitled to recover. The learned trial judge appreciated the difficulties of the case and frequently adverted to the meager character of the evidence in his charge to the jury, but committed the error of not instructing them that there was no evidence to warrant as an element of damages expenses already incurred, or yet to be incurred, or anything upon which to base an allowance for loss of earning power."

It does not follow, however, that defendant is entitled to judgment n. o. v.; the Act of April 22, 1905, P. L. 286, provides that in disposing of such motion, "it shall be the duty of the court, if it does not grant a new trial to so certify the evidence, and to enter such judgment as should have been entered on the evidence ......" As there is evidence in the record that several doctors attended the minor and that other things generally involving expense were done to cure him, we are of opinion that the interests of justice may best be served by granting a new trial to the mother so that she may have an opportunity of show-

ing what she expended in and about the care and cure of the child.

The judgment is reversed and a new trial is granted to Anita B. Nixon.