Gordon, Appellant, *v.* Blizard.

Argued October 7, 1932. Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Myles Higgins,* for appellee.

OPINION BY GAWTHROP, J., November 23, 1932:

This is an action of assumpsit. Plaintiff averred that he, at the special instance and request of defendant through his duly authorized agents, did certain work and furnished certain materials on defendant's premises, as set forth in plaintiff's book of original entry; and that the materials were furnished and the labor was performed at the request of defendant's wife with defendant's knowledge, consent and authority. The amount for which the suit was brought, $1,132.27, was grounded on a quantum meruit. In his affidavit of defense defendant denied that any of the work or labor was done and that any of the work was performed with his knowledge, consent or authority, or for his benefit; that the work was ever ordered; that the work and materials were furnished at the request of defendant's wife; and that defendant's wife was his agent; and averred that he had no knowledge of what plaintiff was doing; and that the prices charged were unreasonable and excessive. The case has been tried twice. Each trial resulted in a verdict for plaintiff. At the last trial the verdict was for $1,100. Defendant's motion for judgment n. o. v. was granted on the ground that plaintiff had "not proved his case."

At the trial plaintiff presented evidence sufficient to establish that he was hired by defendant's wife to repair the roof of defendant's home; that he made the repairs; that defendant was present at various times when the work was being done; that when plaintiff submitted his bill to defendant the latter made no ob-

jection to it, except as to the amount charged, and wrote a letter to plaintiff in which he said: "I did not expect to receive a bill for more than $300 or $400, and I think if you realized that the amount was going to be anything like the charge you made, you should have informed me of this fact before going ahead. Under the circumstances, I must protest against this bill and payment of same." The trial judge properly submitted to the jury the question whether defendant ratified the contract made by his wife with plaintiff, and it was answered in the affirmative. The other question submitted was the amount of the materials and labor that went into the job and what it was worth at the market price. Plaintiff, in the early part of his testimony, testified that he had two men—a foreman and another man—working on the job for seventeen days; that the current market prices of labor at that time on such a job was a dollar and a half an hour; and that he put up two hundred and sixty-six running feet of "ridge roll" and furnished two hundred and seventy-five "flashings" of a certain size and used certain other materials. He stated the market price of the materials. Later in his testimony it developed that the foreman kept the record, called the time sheets, which showed the exact amount of the materials used and the time the men worked. Plaintiff testified that these time sheets were delivered to him by the foreman on the day after the job was completed, and that he then put on them the prices charged for the labor and materials, and handed them over to his bookkeeper to be transcribed into a ledger. Over defendant's objection he was allowed to refresh his memory from this record before testifying as to the various items of labor and material that were furnished, although he had no personal knowledge of the exact amount of the labor and material that went into the work and did not know that the record correctly

stated the facts set forth. After he testified in this manner defendant moved to strike out his testimony and the motion was overruled. In disposing of the motion for judgment n. o. v., the court held that the witness should not have been permitted to refresh his memory from this record and that, as ''all he testified to was taken from this book,'' plaintiff failed to prove his case. On that ground he entered judgment for defendant. In doing so he fell into error.

The court was clearly right in holding that the witness should not have been permitted to refresh his memory from the record. Under all our authorities it was error to permit the witness to use the record for the purpose of stimulating his memory. Defendant's objection to the use of it should have been sustained and his motion to strike out the testimony grounded upon it should have been granted. For a discussion of the law on this subject see Sabin v. Michaelsen, 72 Pa. Superior Ct. 226; Com. v. Dwyer, 79 Pa. Superior Ct. 485, and cases there cited. But the remedy for the mistake was not the entry of judgment for defendant. If defendant's motion to strike out the testimony had been granted, and plaintiff presented no other evidence to take the case to the jury, the judgment might be sustained. The trouble is that the testimony was not stricken out and plaintiff had the right to rely upon it. If it had been stricken out plaintiff might have called the foreman or offered other evidence to prove the items of labor and material furnished. The remedy for the correction of the error was to grant a new trial.

The judgment is reversed and a new trial is ordered.