## Borowsky et al. *v.* Margulis, Appellant.

Argued January 4, 1933. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*D. Arthur Magaziner,* with him *Laurence Brunswick* and *Clinton O. Mayer,* for appellant.—At common law, and without the intervention of any statute, a grantee in any conveyance under and subject to mortgages impliedly undertook to indemnify his grantor against actual loss by reason of such mortgages: May's Est., 218 Pa. 64; Greenspan v. Margolis, 70 Pa. Superior Ct. 373; Blood v. Crew Levick Co., 171 Pa. 328; Dobkin v. Landsberg, 273 Pa. 174.

The defendant was obliged to indemnify plaintiffs against actual loss, and not against liability: West v. MacMillan, 301 Pa. 344; Wicker v. Hoppock, 73 U. S. 94; Faulkner v. McHenry, 235 Pa. 298.

*Harry M. Miller,* for appellee.—"Loss" or "payment," as those words are used in the decisions relating to the implied covenants of indemnity between grantor and grantee in an "under and subject" conveyance, refer not only to actual cash payments, but also to payments made in the equivalent of cash: Kearney v. Tanner, 17 S. & R. 94; Kemmerer's App., 102 Pa. 558; Phila. v. Stewart, 195 Pa. 309; Bolles v. Smith, 22 N. J. L. 680; Bausman v. Guarantee Co., 47 Minn. 377.

OPINION BY MR. JUSTICE SCHAFFER, March 20, 1933:

This case has been tried twice. The verdict in each instance was for plaintiffs. As the main question raised by defendant was one of good faith on the part of plaintiffs, two verdicts in their favor should have ended the

litigation, unless some real error was committed on the last trial. None was.

The appellee has stated the question involved: When, after an "under and subject" conveyance, the vendor, because of the vendee's default, is obliged to pay the encumbrance which formed part of the purchase price, may he recover from the vendee, on the latter's implied covenant of indemnity, the amount of his loss, where the payment made by the vendor is in the form of his new bond and mortgage, secured on property not covered by the conveyance, which bond and mortgage were accepted in good faith by the mortgage creditor as full payment and satisfaction?

The facts were summed up in the opinion of the able judge, who specially presided at the last trial, as follows: Plaintiffs were owners of the Douglass Theatre. On April 4, 1924, they executed a first mortgage thereon to Nathan Robinson for $15,000 and a second mortgage to the Meyerbee Building & Loan Association for $10,000. For the consideration of $61,000 plaintiffs conveyed the theatre on June 30, 1926, to defendant "under and subject" to the two mortgages which were credited on the purchase price. Defendant held possession of the property until June 19, 1928, when he conveyed it under and subject to the two mortgages to Simon Levin. Thereafter defendant purchased the first mortgage of $15,000. It was assigned to him as guardian for his minor nephews. Levin defaulted in payments on both the mortgages. Defendant entered judgment against plaintiffs on the bond accompanying the first mortgage, and on this judgment a sheriff's sale took place, defendant purchasing the property for $50. The indebtedness due to the Meyerbee Association on its second mortgage at this time had been reduced by payments to $6,500. The lien of the second mortgage was, of course, divested by the sheriff's sale. The Meyerbee Association entered judgment against plaintiffs upon the bond accompanying this mortgage, issued execution against another property, the

Rex Theatre, owned by one of the plaintiffs, George Borowsky, and caused the property to be advertised for sheriff's sale. On October 28, 1930, Borowsky made a mortgage in the amount of $6,500 on the Rex Theatre to the Meyerbee Association, which mortgage it accepted in full payment and discharge of the balance of the second mortgage indebtedness of plaintiffs. The association then delivered to plaintiffs' attorney an order to mark the judgment against plaintiffs to use, the name of the use-plaintiff not being in the order. Plaintiffs, regarding this as a payment of the second mortgage by one of their number for the benefit of all, brought this action against defendant to enforce the implied covenant of indemnity in their deed to him "under and subject" to the mortgage. The jury found in their favor for $7,405.75.

Defendant argues that plaintiffs cannot recover without proof of payment or actual loss and challenges the mortgage transaction involving the Rex Theatre as establishing either payment or loss. Plaintiffs called expert witnesses to show the value of the property covered by the $6,500 mortgage and they testified that there was an equity in the property beyond the amount of prior liens. This being so it could not be said that the mortgage was a thing of no value. Moreover, the solicitor of the Meyerbee Association testified that the mortgage was taken and accepted in payment of the $6,500 balance due on their $10,000 mortgage.

The general principle governing the situation before us is thus stated in 31 C. J. 440: "If the indemnity is against the payment of money, the indemnitee must in general make actual payment, or that which the law considers equivalent to actual payment. Thus, in order to entitle an indemnitee to recover upon a contract of indemnity against a loss or damage involving payment, it is sufficient that he has given his own note in settlement of his liability, where such note is accepted as a payment, although the note so given has not yet been paid." A controversy very similar to the one we are considering

was presented to the Court of Errors and Appeals of New Jersey in Bolles v. Smith, 22 N. J. L. 680, and the decision was that actual cash payment is not required to entitle the indemnitee to reimbursement. The same general principle was announced by the Supreme Court of Minnesota in Bausman v. Credit Guarantee Co., 47 Minn. 377. That an obligation such as a note or a mortgage may operate as payment when so intended by the parties has been recognized by us in Kemmerer's App., 102 Pa. 558, and Phila. v. Stewart, 195 Pa. 309, and by the Superior Court in Hummelstown Brownstone Co. v. Knerr, 25 Pa. Superior Ct. 465. Kearney v. Tanner, 17 S. & R. 94, relied upon by appellant, turned more upon a question of pleading than of substantive law. Even in that case it was recognized that there might be payment otherwise than in cash (page 97), "It is not pretended there was an actual payment of the money, nor was there what has been considered in some cases as equivalent." Blood v. Crew Levick Co., 171 Pa. 338, and May's Est., 218 Pa. 64, cited by appellant, are cases where the grantor brought suit for indemnity, relying altogether upon the fact that a judgment had been recovered against him by the mortgagee without showing that he had suffered a more material loss thereby, such as payment in cash or the transfer of something of value which was accepted by the mortgagee-creditor as the equivalent of cash.

To aid in proving the bona fides of the giving of the $6,500 mortgage, plaintiffs showed that they had paid $1,000 on account of the principal. True this payment was made after suit was brought but this circumstance can make no difference on the question of good faith.

The judgment of the court below is affirmed.