Lessy, Appellant, *v.* Great Atlantic & Pacific Tea Company.

Argued November 19, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John E. McDonough,* with him *R. Paul Lessy, Alex J. McCloskey, Jr.* and *Joseph E. Pappano,* for appellant.

*William C. Alexander,* for appellee.

OPINION BY JAMES, J., March 9, 1936:

On March 26, 1927, Alexander E. Lessy instituted a suit in assumpsit against the Great Atlantic & Pacific Tea Company upon a lease for the year's rent from

May 1, 1922, to April 30, 1923, less a credit of $50, which resulted in a verdict for defendant on October 27, 1930. On July 30, 1931, by opinion filed, appellant's motions for a new trial and judgment non obstante veredicto were dismissed, and an appeal taken to this court was non prossed on November 27, 1931; on March 13, 1935, judgment was entered on the verdict, and this appeal followed. During the trial, it appeared that in an action instituted to No. 1566 June Term 1922, on the same cause of action, plaintiff had suffered a nonsuit. Appellant, undoubtedly realizing that this controversy should be finally determined, presses only the refusal of its motion for judgment n. o. v.

On the 29th of April 1920, the plaintiff leased a store building in the City of Chester to the defendant from May 1, 1920 to April 30, 1922, at a monthly rental of $95. The lease provided: "The lessee, at its option, shall be entitled to the privilege of three successive renewals of this lease, each such renewal to be for a period of one year and to be subject to all the terms and conditions of this lease." Plaintiff testified that on the evening of April 28, 1922, an employee of defendant with another young man came to his home and offered to turn over the keys for the premises as they had been vacated, which he refused because the term was not up, and advised them to bring the keys when the term was up; the employee left the keys in the vestibule, but plaintiff sent them back to the store with his son. Thomas J. Creegan, assistant supervisor for defendant, testified that he handed the keys to plaintiff, who accepted them and laid them on a table in a vestibule. The next evening the witness, accompanied by another employee, delivered the keys at plaintiff's home to his son.

Plaintiff further established that on April 29, 1922, he received a registered letter, dated April 28, 1922, on the stationery of defendant company, the letterhead

showing the address of defendant company to be Jersey City, N. J., while the envelope showed the defendant company's address to be 4006 Market Street, Philadelphia. The letter, which was signed "The Great Atlantic & Pacific Tea Co. By C. M. Hendricks," informed the plaintiff that the defendant company had decided to renew the lease for a term of one year from the 1st day of May 1922 in accordance with the option.in the lease and requested an acknowledgment of the same. By registered letter mailed to the Philadelphia address, plaintiff acknowledged the receipt of the letter and accepted its terms—the receipt of which was admitted by the defendant in the affidavit of defense in the first case. Defendant called John T. Burton, superintendent of the store in 1922, who testified that the defendant had a small local office at 4006 Market Street, Philadelphia, from which some of defendant's representatives worked but none of them had any authority, and he never heard of a man named Hendricks.

Plaintiff offered in evidence Paragraph 4 of his statement in the first suit and the following portion of the reply paragraph in the affidavit of defense: "Defendant admits that the notice attached to plaintiff's statement marked Exhibit 'B' was sent, but it is not true and deponent denies that it was the intention of the company to exercise its option to renew the lease for the period of one year as therein set forth." Defendant later offered a portion of Paragraph 8 of the affidavit of defense which averred that thereafter, through an error on the part of an employee of the defendant, and without any authority on the part of its officers, the notice marked Exhibit "B" in plaintiff's statement was sent to the plaintiff and received by him on Friday, April 28, 1922.

Appellant confines his argument solely to his right to judgment n. o. v. and, therefore, assignment of error one, which relates to the introduction of Paragraph 8

in the affidavit of defense filed in the first suit, and assignments three, four, five, six and seven, which relate to exceptions to the charge of the court and its refusal to charge, need not be discussed as for such reasons the sole remedy is the granting of a new trial which is not pressed on this appeal: Ozanich v. Metropolitan Life Ins. Co., 119 Pa. Superior Ct. 52, 180 A. 67. The true test of the right to enter judgment n. o. v. is whether at the close of the trial, the trial court should have given binding instructions: Ellsworth et ux. v. Husband, 119 Pa. Superior Ct. 245, 181 A. 90, and the testimony should not only be read in the light most advantageous to the successful party, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence: Kissinger et al. v. Pittsburgh Railways Co., 119 Pa. Superior Ct. 110, 180 A. 137. The record shows that the plaintiff relies solely on the letter purported to have been written by the agent of the defendant and promptly answered by the plaintiff accepting the terms of the letter, which under the circumstances, the jury would have been warranted in finding was sufficient to establish that the person writing the letter was acting with authority on behalf of the defendant: Groves Piano Co. v. Dalton A. M. Co., 64 Pa. Superior Ct. 189; Park v. Kansas City So. Ry. Co., 58 Pa. Superior Ct. 419; Ind. Rayon Corp. v. Clifton Mills, Inc., 310 Pa. 322, 165 A. 385. Especially is this true when we consider the admissions of defendant in its affidavit of defense in the first suit that the letter of April 28 was sent, and that plaintiff's letter, acknowledging the receipt of the exercise of the option mailed to the Philadelphia address, was received. The fact that in the second suit defendant averred that the letter was sent without authority on the part of its officers, did not affect the competency of its own

admissions. The letter, written upon the defendant's stationery, clearly indicated that it was signed by one having knowledge of the lease even though from one of its local offices and was sufficient proof of the authority of the letter writer, if believed by the jury.

Plaintiff's testimony, if believed by the jury, established that the keys for the premises were not accepted by him but were in fact returned by him to defendant's employees although he knew that defendant removed from the premises on the afternoon or evening of April 28, 1922, and that no surrender of the premises was made or accepted by him; that defendant exercised its option of renewal for an additional year, which was accepted by him. On the other hand, defendant's testimony, if believed, not only established that plaintiff had accepted the surrender of the premises, but that the letter upon which plaintiff relies for the renewal of the lease was not authorized by any person connected with the defendant company and no such person was in the Philadelphia office of the company. Thus pure questions of fact were submitted to the jury, which found for the defendant. In its opinion, the court below stated: "Perhaps if we were on the jury we would not have found the facts as it did but we cannot inject our individual opinion into the jury box and bend the members of the jury to our will. ...... But on the other hand we fail to be impressed that the verdict was against the weight of the evidence."

The record as viewed by us presents disputed questions of fact and the inferences to be drawn from them, which matters are properly for determination by a jury and the court below had no power to enter judgment n. o. v. for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.