Opinion by
 

 Keller, P. J.,
 

 This action of trespass was tried by a judge without a jury. He found for the defendant, and entered judgment accordingly. Plaintiff moved for a new trial and for judgment non obstante veredicto in his favor. The court in banc discharged the rule for a new trial but entered judgment non obstante veredicto in favor of the plaintiff for $667.85, the trial judge dissenting. The judgment must be reversed.
 

 When a case is tried by a judge without a jury, the trial judge takes the place of the jury and his finding on the facts has the force and effect of the verdict of a jury. The court in banc has no fact-finding powers in such a case any more than it has in a jury trial. The authority to
 
 try
 
 the case does not extend to the court in banc. It is limited to the trial judge. If there is evidence in the record to support the trial judge’s finding and judgment thereon the court in banc cannot enter judgment non obstante veredicto in favor of the other party. The most that it can do is to grant a new trial.
 

 In the present case, the testimony in the record might have supported a finding of negligence on the part of the defendant, which would have sustained a verdict for the plaintiff if he had been free from contributory negligence. It also supports a finding that the plaintiff himself was negligent, and if the trier of fact so found,
 
 *351
 
 it warranted judgment for the defendant. The trial judge did so find and the court in banc was without authority to enter judgment non obstante veredicto in favor of the plaintiff. The record
 
 at the close of the trial
 
 determines the right of the court to enter judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286;
 
 Ozanich v. Metropolitan Life Ins. Co.,
 
 119 Pa. Superior Ct. 52, 55, 180 A. 67;
 
 Ellsworth v. Husband,
 
 119 Pa. Superior Ct. 245, 253, 181 A. 90;
 
 Lessy v. Great A. & P. Tea Co.,
 
 121 Pa. Superior Ct. 440, 444, ,183 A. 657;
 
 Dalmas ,v. Kemble,
 
 215 Pa. 410, 412, 64 A. 559. A directed verdict for the plaintiff would not have been warranted at the close of the trial in this case. His contributory negligence was a question of fact for the trial judge to determine.
 

 The judgment is reversed and is here entered for the defendant.